# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

February 7, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GARY COPLEY,**
**Claimant Below, Petitioner**

**vs.)  No. 11-0670**  (BOR Appeal No. 2045146)
                        (Claim No. 2008014099)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**HIGHLAND MINING COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gary Copley, by John Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Highland Mining Company, by Sean Harter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 23, 2011, in which the Board affirmed an October 5, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's May 12, 2009, Order and granted Mr. Copley a 6% permanent partial disability award, and remanded the claim for an evaluation limited to the scarring aspect of the compensable injury. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Copley was working as a drill operator for Highland Mining Company when he injured his left arm. He underwent an open reduction internal fixation of the distal shafts of the left radius and ulna. On May 12, 2009, the claims administrator granted Mr. Copley a 4% permanent partial disability award based on an evaluation by Dr. Grady.

In reversing the claims administrator's Order, the Office of Judges found that the preponderance of the evidence supported a 6% permanent partial disability award for the compensable injury. Additionally, the Office of Judges found there was no persuasive evaluation on the scarring aspect of the compensable injury and remanded the claim for an evaluation limited to the scar resulting from the injury. On appeal, Mr. Copley argues that Dr. Poletajev's report is the most persuasive and therefore he is entitled to a 14% permanent partial disability award. Highland Mining Company maintains that the evidence supports the 6% permanent partial disability award. The Office of Judges considered evaluations by Drs. Grady, Poletajev, and Mukkamala. Dr. Grady found Mr. Copley suffered from a 4% impairment. Dr. Poletajev, however, found that Mr. Copley suffered from a 14% impairment. Dr. Mukkamala found Mr. Copley suffered from a 6% impairment.

In reaching the decision to grant a 6% permanent partial disability award, the Office of Judges concluded that Dr. Poletajev's report was not supported by a preponderance of the evidence. The Office of Judges found that the impairment found by Dr. Poletajev did not appear to be permanent, noting that he evaluated Mr. Copley eight months after Dr. Grady and six months before Dr. Mukkamala but still found more than twice the amount of impairment. Additionally, the Office of Judges noted that Dr. Poletajev is the only examiner who found decreased sensation of the ulnar portion of the left forearm. The Office of Judges concluded that Dr. Mukkamala's report was the most persuasive. However, the Office of Judges found that another evaluation was needed to specifically address whether Mr. Copley suffered from permanent impairment from scarring caused by the compensable injury. The Board of Review reached the same reasoned conclusions in its decision of March 23, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  February 7, 2013**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

Chief Justice Brent D. Benjamin, Disqualified

3